Filed 3/14/25  P. v. West CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099829 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F05919) |
| v. | |
| JERRY WEST, JR., | |
| Defendant and Appellant. | |

Defendant Jerry West, Jr., appeals for a third time following his most recent resentencing.  This court initially affirmed his numerous convictions for sex offenses but twice remanded the case for the trial court to consider exercising its discretion to strike certain enhancements or stay selected terms due to ameliorative changes in the law that went into effect while West's appeals were pending.  At his third resentencing, the trial

1

court declined to exercise its discretion under amended Penal Code[1] section 1385, subdivision (c), to strike multiple firearm and prior serious felony enhancements based on West's dangerousness to society. The court sentenced West to a determinate term of 103 years in state prison for the enhancements, plus an indeterminate term of 325 years to life.

In this appeal, West contends for the first time that the trial court abused its discretion because it applied an improper legal standard in declining to dismiss the enhancements. He argues amended section 1385, subdivision (c) requires a trial court to conduct a forward-looking dangerousness assessment, and that a court prejudicially errs where it only considers a defendant's current dangerousness. Because he would still be subject to the 325-year indeterminate life term if the enhancements were stricken, West argues the court abused its discretion by not striking the enhancements.

Exercising our discretion to reach the issue, we conclude that the trial court applied an erroneous legal standard in determining whether dismissal of the enhancements would "endanger public safety" under section 1385, subdivision (c)(2), and it thereby prejudicially abused its discretion. We shall vacate the sentence and remand for resentencing.

BACKGROUND

Over a three-week period in 2015, West attacked, robbed, and sexually assaulted four different women in the Sacramento area using a gun or threats of violence. (*People v. West* (Jan. 16, 2020, C084521) [nonpub. opn.].) Based on the assaults, West was found guilty of multiple offenses against each victim.[2] He was sentenced to an aggregate

---

[1] Undesignated statutory references are to the Penal Code.

[2] The jury found West guilty of two counts each of forcible oral copulation (§ 288a, subd. (c)(2)), assault with intent to commit oral copulation (§ 220), and assault with a deadly weapon (§ 245, subd. (b)), four counts of robbery (§ 211), and one count each of

determinate term of 115 years in prison plus an indeterminate term of 331 years to life, which included terms for several firearm and prior serious felony enhancements. We affirmed his convictions on appeal, but remanded the matter for resentencing to allow the trial court to determine whether to exercise newly granted discretion to strike the firearm and prior serious felony enhancements given legislative changes that went into effect while West's first appeal was pending. (*West*, *supra*, C084521.)

Upon remand, the trial court declined to exercise its discretion to strike the various enhancements and confirmed West's original sentence. We affirmed the trial court's denial order but remanded the matter to allow the trial court an opportunity to exercise its newly granted discretion under amended section 654, which no longer required a trial court to impose the term with the longest possible sentence. (*People v. West* (June 1, 2022, C093366) [nonpub. opn.].)

Following remand, West filed a letter with the court expressing remorse, describing mental health related issues from his childhood, and detailing his rehabilitative efforts while incarcerated. West submitted a second letter admitting his guilt, accepting responsibility for the crimes, and recounting his difficult childhood with his drug addicted parents, his mental health issues, his lengthy criminal history, and his substance abuse issues; he also expressed remorse and noted his participation in treatment programs while in prison.

The People filed an opposition, arguing the trial court should not reduce West's sentence under amended section 654 given the egregiousness of West's conduct and the need to protect the community from him. Defense counsel's resentencing brief urged the court to impose lesser terms under amended section 654, citing West's two prior letters

---

carjacking (§ 215, subd. (a)), kidnapping with intent to commit robbery and/or oral copulation (§ 209, subd. (b)(1)), and attempted forcible oral copulation (§ 664, former § 288a, subd. (c)(2)).

where he emphasized his remorse, his postconviction participation in self-help programs, and his mental health challenges prior to his arrest.

At a resentencing hearing in September 2023, the trial court considered whether to impose a lesser sentence under amended section 654 as directed by the remittitur. The court also noted that it had "considered and applied other laws that have become effective while this case was pending and not final pursuant to" *In re Estrada* (1965) 63 Cal.2d 740, including amended section 1170, which now limits a court's ability to impose upper term sentences unless aggravating factors have been found true beyond a reasonable doubt by a trier of fact, and amended section 1385, which now requires consideration of certain enumerated mitigating factors when determining whether to strike enhancements. The court considered the parties' briefs, West's letters, as well as a supplemental probation report. Defense counsel "request[ed] the Court consider the low term where available," and argued that West was entitled to any ameliorative changes in the law under *Estrada*, including changes to the requirements for proving aggravating circumstances. Counsel emphasized West's recognition of the seriousness of his crimes, his expressed remorse for the victims, his mental health issues, and his postconviction efforts to obtain treatment. West told the court he was "very remorseful."

The trial court declined to exercise its discretion to further reduce West's sentence under section 654 or to strike any of the enhancements under section 1385. The court did so after considering the general sentencing objectives under rule 4.410 of the California Rules of Court, including protecting society, punishing the defendant, and deterring others from criminal conduct, as well as the nature and circumstances of the crimes, the defendant's prior convictions, and the particulars of his background, character, and prospects. The court noted West was 30 years old at the time of the present offenses, and had a violent criminal history that included two carjacking convictions in 2009 where he used a firearm against the separate victims; West also had been released on parole for only two months before he committed the current violent sexual offenses using a firearm.

4

While the court recognized West was remorseful and had made efforts to improve himself while incarcerated, the court nevertheless found him to be a danger to society based on his violent criminal history and his relatively high score on the Static-99R actuarial risk prediction instrument as reflected in the 2017 probation report. Given the circumstances of the crimes, the suffering of the victims, and West's Static-99R score, the court found it would not be in the interest of justice to modify his sentence to a shorter term under section 654.

The court then considered whether to strike any of the enhancements under amended section 1385, subdivision (c). In doing so, the court noted it had discretion to strike an enhancement if it was in the furtherance of justice to do so. The presence of the statutory mitigating factors, the court explained, "weigh[ed] greatly in favor of dismissing the enhancement unless the Court finds dismissal would endanger public safety," which meant "there [was] a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." After considering the mitigating factors listed in California Rules of Court, rule 4.423(b),[3] the court found that none were applicable. For the reasons previously stated, the court declined to strike any of the enhancements because it believed doing so would seriously endanger public safety.

Finally, applying amended section 1170, the trial court imposed the middle term on three counts, rather than the previously imposed upper terms, because neither the jury

---

[3] California Rules of Court, rule 4.423(b), lists several mitigating factors related to a defendant, including: (1) the absence of a prior criminal record; (2) the defendant's mental or physical condition significantly reducing culpability for the crime; (3) the defendant's experience of psychological, physical, or childhood trauma—such as abuse, neglect, exploitation, or sexual violence—when it was a factor in the commission of the crime; (4) a connection between the current offense and the defendant's prior victimization or childhood trauma, or mental illness as defined by section 1385, subdivision (c); (5) the possibility that applying an enhancement could result in a sentence exceeding 20 years; and (6) the presence of multiple enhancements alleged in a single case. (Cal. Rules of Court, rule 4.423(b)(1)-(5), (10)-(11).)

nor the court had found the aggravating circumstances true beyond a reasonable doubt, nor had West stipulated to circumstances in aggravation as amended section 1170 now requires. For similar reasons, the court imposed the middle term on the firearm enhancements attached to two counts. West received an aggregate determinate term of 103 years in prison for the firearm and prior serious felony enhancements plus an indeterminate term of 325 years to life.

Prior to concluding the hearing, the court stated: "[it was] aware that there may be future ameliorative sentencing statutes enacted by the legislature. The Court has thoroughly considered the sentence imposed in this case, both in the original sentencing, the first resentencing, and now in this second resentencing. The Court will make clear that the Court would not, even in light of future ameliorative statutes, exercise its discretion to change or modify or reduce the defendant's sentence in any way." West timely appealed in November 2023. His opening brief was filed in July 2024, and this case became fully briefed on November 19, 2024.

DISCUSSION

West contends the trial court abused its discretion by applying an incorrect legal standard under amended section 1385, subdivision (c)(2) when determining whether to dismiss one or more of the firearm or prior serious felony enhancements, which added 103 years to his sentence. Relying primarily on *People v. Gonzalez* (2024) 103 Cal.App.5th 215 (*Gonzalez*) and *People v. Williams* (2018) 19 Cal.App.5th 1057 (*Williams*), West asserts that the court erred by considering only whether he *currently* posed a danger to the public rather than considering dangerousness at the time he would be released if the enhancements were dismissed.

A.      *Forfeiture*

West acknowledges that the issue may not be preserved for review by his failure to raise it below (*People v. Scott* (1994) 9 Cal.4th 331, 356 [generally complaints about how a trial court exercises its sentencing discretion may not be raised for the first time on

6

appeal]), but he argues that this court should exercise its discretion to consider the issue if forfeited (*People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6 [an appellate court has authority to reach a question not preserved for review by a party]). Alternatively, West contends trial counsel's omission constitutes ineffective assistance of counsel.

While it is true that West did not raise this exact legal standard issue in his trial briefs or during the resentencing hearing, the record shows the trial court was cognizant that it had to apply, and did apply, amended section 1385, subdivision (c) in determining whether to strike the enhancements. In any event, even if the precise issue was not properly preserved, to forestall West's ineffective assistance of counsel claim, we shall exercise our discretion to consider the issue. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 400 [declining to find forfeiture to forestall ineffective assistance of counsel claim].)

B.      *Standard of Review*

We review the trial court's determination that dismissing the enhancements under section 1385, subdivision (c)(2) would endanger public safety for an abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298 [applying abuse of discretion standard to § 1385, subd. (c)(2) determination]; cf. *People v. Carmony* (2004) 33 Cal.4th 367, 371 [a trial court's decision not to strike a sentence enhancement under § 1385, subd. (a) is reviewed for an abuse of discretion].) Where " ' "a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*Mendoza*, at p. 298.) Such an abuse of discretion arises if the trial court based its decision on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

C.      *Analysis*

Turning to the merits of West's claim that the trial court erred in deciding whether dismissing the enhancements would "endanger public safety," we begin with the relevant

statutory language. (*People v. Lewis* (2021) 11 Cal.5th 952, 961 [the proper interpretation of a statute is a question of law that appellate court reviews de novo].) Section 1385, subdivision (c)(2), as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), provides that a sentencing court "[i]n exercising its discretion" to dismiss a sentencing enhancement "shall consider and afford great weight to evidence offered by the defendant to prove" certain enumerated mitigating circumstances, and "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The Legislature specifically defined "[e]ndanger public safety" to mean "there is a likelihood that the *dismissal of the enhancement* would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2), italics added.)

Our Supreme Court considered the meaning of section 1385, subdivision (c)(2) in *People v. Walker* (2024) 16 Cal.5th 1024. The court found that section 1385, subdivision (c)(2) does not create a rebuttable presumption in favor of dismissal of an enhancement unless a sentencing court found that dismissal would endanger public safety. (*Walker*, at p. 1029.) Instead, "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Ibid.*) "In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at pp. 1029-1030.)

*Walker*, admittedly, did not address the exact issue presented here—whether a trial court must consider a defendant's *future* (as opposed merely to *current*) dangerousness if

8

dismissal were granted. Our colleagues in the Fourth Appellate District, Division One, however, recently considered a similar issue in *Gonzalez*, *supra*, 103 Cal.App.5th 215. The defendant in *Gonzalez* was found guilty of first degree murder with a gun use enhancement (§ 12022.53, subd. (d)) and sentenced to 75 years to life, including a term of 25 years to life for the firearm enhancement. (*Gonzalez*, at p. 220.) The trial court declined to dismiss the firearm enhancement because it concluded the defendant presently represented a danger to society. (*Id.* at p. 224.) The appellate court reversed, finding that "[t]he plain words of the statute do not support the trial court's singular focus on whether the defendant *currently* poses a danger." (*Id.* at p. 228.)

In so concluding, the *Gonzalez* court emphasized that section 1385, subdivision (c)(2) focuses on the danger associated with *the dismissal of an enhancement*. (*Gonzalez, supra*, 103 Cal.App.5th at p. 228.) "Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence." (*Ibid.*) "A currently dangerous defendant who will be released from prison within a short timeframe might be found by the trial court to pose a greater danger to the public than a defendant who is currently dangerous but who has no prospect of release from prison until he is elderly." (*Ibid.*) The court also noted that, for indeterminately sentenced defendants, the dangerousness inquiry should also take into account that the defendant's release from prison is contingent on review by the Board of Parole Hearings, which will have the opportunity to reassess a defendant's dangerousness at that time and will act as a "safety valve" against release that would endanger the public. (*Ibid.*; see also § 3041, subd. (b)(1) ["The panel or the board, sitting en banc, shall grant parole to an inmate unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that

9

consideration of the public safety requires a more lengthy period of incarceration for this individual"].)

Gonzalez relied on this court's decision in *Williams*, *supra*, 19 Cal.App.5th 1057, which arose under the Three Strikes Reform Act of 2012 and section 1170.126. (*Gonzalez*, *supra*, 103 Cal.App.5th at pp. 228-230.) There, a panel of this court found that the trial court abused its discretion under section 1170.126 in determining that resentencing the defendant under the Three Strikes Reform Act posed an unreasonable risk to public safety. (*Williams*, at p. 1061.) *Williams* explained: "Determining whether resentencing a defendant poses an unreasonable risk of danger to society is necessarily a forward-looking inquiry. When determining whether resentencing poses an unreasonable risk of danger, the trial court must look to when a defendant would be released if the petition is granted and the defendant is resentenced." (*Id.* at p. 1063.) This rationale applies with even greater force, the court noted, when a defendant would still be serving a sentence greater than a human lifespan even if the petition were granted. (*Ibid.*)

Much like the defendant in *Williams*, who was serving a sentence of 193 years to life (*Williams*, *supra*, 19 Cal.App.5th at p. 1060), West is sentenced to 325 years to life consecutive to a determinate term of 103 years. West's indeterminate 325-year-to-life term is the equivalent of life without parole since he cannot obtain parole until far beyond a human lifespan. This remains true even if the 103 years for the enhancements is stricken under section 1385, subdivision (c)(2). It is hard to see how West would pose a danger to society if the enhancements were dismissed if he has almost no hope of ever being released from prison, and, even if he were considered for parole at some future date, the Board of Parole Hearings would have to determine that he did not pose a danger to the public at that time.

We find the reasoning in *Williams* instructive because the relevant language in section 1170.126, which focuses on whether a new sentence would result in an unreasonable risk of danger to public safety (§ 1170.126, subd. (f)), is similar to section

10

1385's public safety language. And we agree with *Gonzalez* that under section 1385, subdivision (c)(2), a trial court should consider whether a defendant poses a danger to public safety at the time he or she will be released if one or more enhancements are dismissed.

In this case, the trial court denied relief based on its assessment of West's current dangerousness, based largely on the nature of the present offenses and his previous score on the Static-99R test. It does not appear, however, that the court ever considered whether West would pose a danger to the public if the 103 years for the enhancements were stricken and he was still subject to the 325-year indeterminate term. Failure to consider West's future dangerousness if the enhancements were stricken constituted an abuse of discretion.

The People argue that even if the trial court erred in applying an incorrect legal standard under section 1385, subdivision (c), the error is harmless because the trial court made clear that it "would not, even in light of future ameliorative statutes, exercise its discretion to change or modify or reduce the defendant's sentence in any way." We disagree.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court that is unaware of the scope of its discretionary powers does not exercise informed discretion. (*Ibid.*) Under such circumstances, remand for resentencing is the appropriate remedy unless the record " 'clearly indicate[s]' " that the trial court would have reached the same conclusion even if it had been aware of the scope of its discretion. (*Ibid.*)

Here, the trial court's comments give no indication of how it would rule if it did not limit its inquiry under section 1385, subdivision (c)(2) to West's current dangerousness notwithstanding any hypothetical future ameliorative changes in the law. Indeed, given the sheer magnitude of West's 325-year indeterminate term, with a

11

potential release date far beyond the life expectancy for any human, it is conceivable that, if the trial court holds a new sentencing hearing in which it does not limit its inquiry to West's current dangerousness, it will decide to exercise its discretion under section 1385, subdivision (c)(2) in a different manner.  Under these circumstances, remand for resentencing to correct the prejudicial error is warranted.

DISPOSITION

The sentence is vacated, and this matter is remanded for resentencing.


/s/<br>
_____<br>
BOULWARE EURIE, J.

We concur:


/s/
_____
EARL, P. J.


/s/
_____
FEINBERG, J.